IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANTHONY M. LEE,

                                                OPINION and ORDER
                     Plaintiff,
                                                16-cv-524-bbc[1]

        v.

HEATH PARSHALL, STEVE HELGESON,
 JOHN DOE I and JANE DOE II,

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Pro se plaintiff Anthony Lee is proceeding on two claims: (1) defendant Heath Parshall, a police officer for the La Crosse Police Department, used excessive force against him in August 2012, in violation of the Fourth Amendment; and (2) defendant Parshall and an unknown jail staff member or members failed to provide adequate medical care to plaintiff for the injuries he sustained related to the use of force, in violation of the Fourth Amendment.  In addition, plaintiff is proceeding against Steve Helgeson, the sheriff for La Crosse County, for the purpose of learning the identities of the unknown defendant or defendants. The case is now stayed while the court searches for counsel willing to represent plaintiff.  Dkt. #36.

        Despite the stay, both sides have filed new documents in the case that are unrelated

---

[1] Because Judge Crabb is on medical leave, I am issuing this order to prevent an undue delay in the progress of the case.

to the recruitment of counsel and without asking the court to lift the stay.  First, defendant Heath Parshall has filed a motion under Fed. R. Civ. P. 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted on the ground that plaintiff's claims are untimely.  Dkt. #46.  For his part, plaintiff has filed a letter in which he says that unnamed prison staff are threatening him and he asks the court to "call and talk" to him about the situation.  Dkt. #50.  I will overlook both side's failure to request a lift of the stay because it is clear that neither side is entitled to relief, for the reasons explained below.


OPINION

### A.  Defendants' Motion to Dismiss

Citing <u>Ratzel v. Marinette County</u>, 694 F. Supp. 606, 607 (E.D. Wis. 1988), defendant Parshall contends that the statute of limitations for a claim such as plaintiff's brought under the federal civil rights statute, 42 U.S.C. § 1983, is three years and that plaintiff's claim is untimely because he filed his complaint four years after the events described in his complaint. Although defendant Parshall is correct that plaintiff alleges that defendants violated his rights in 2012, defendant is wrong about the relevant limitations period.  It is now well established in this circuit that the statute of limitations for a § 1983 claim brought in Wisconsin is *six* years, not three, so plaintiff's complaint is timely.  <u>Malone v. Corrections Corp. of America</u>, 553 F.3d 540, 542 (7th Cir. 2009); <u>Conyers v. Abitz</u>, 416 F.3d 580, 583 (7th Cir. 2005); <u>Wudtke v. Davel</u>, 128 F.3d 1057, 1061 (7th Cir. 1997); <u>Gray v. Lacke</u>, 885 F.2d 399, 407–08 (7th Cir. 1989).  In fact, the court of appeals recently

2

corrected a similar mistake made by another lawyer.  Kennedy v. Huibregtse, 831 F.3d 441, 442 (7th Cir. 2016) ("[T]he statute of limitations for section 1983 claims in Wisconsin is six years, not three.").

Ratzel was decided before the court of appeals resolved the issue in Gray, which explains the inconsistency.  In any event, in light of the many decisions of the court of appeals on this issue, Ratzel is no longer good law.  Accordingly, I am denying defendant Parshall's motion to dismiss.  I am sure that the experienced counsel representing defendant Parshall will take greater care in the future to research their motions before filing them.


B.  Plaintiff's Letter

Plaintiff asks the court to call him because unnamed staff at the Green Bay Correctional Institution are threatening to harm him.  I cannot grant plaintiff's request for two reasons.

First, ethical rules prohibit a judge from having private communication with only one litigant under most circumstances.  Drobny v. C.I.R., 113 F.3d 670, 680 (7th Cir. 1997). Even if I construe plaintiff's letter as requesting an evidentiary hearing in which both sides would be allowed to participate, I could not grant plaintiff's request.  A federal court may not issue orders to prison officials on matters that are unrelated to the claims in the case that the plaintiff filed.  Neuroscience, Inc. v. Forrest, No. 12-cv-813-bbc, 2013 WL 6331348, at *1 (W.D. Wis. Dec. 5, 2013) ("Because a preliminary injunction is intended to preserve the status quo until the court has an opportunity to reach the merits, 'a party moving for a

preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'") (quoting <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994)). <u>See also</u> <u>Dudgeon v. Fiorello</u>, 06–C–563–C, 2007 WL 5517460 (W.D. Wis. Jan. 31, 2007) (denying motion for preliminary injunction because it raised issues outside scope of complaint); <u>Williams v. Nelson</u>, 04–C–774–C, 2005 WL 840358 (W.D. Wis. Apr. 1, 2005) (same).  Plaintiff's claims in this case are about events that occurred in La Crosse, Wisconsin at the time he was arrested.  They have nothing to do with the Green Bay Correctional Institution.  Further, plaintiff is not alleging that staff members are threatening him *because* he filed this lawsuit, so there is no connection between this lawsuit and the alleged threat.  If plaintiff believes that officials at the Green Bay prison are violating his rights, he will have to file a new lawsuit about that issue.

ORDER

IT IS ORDERED that

1.  Defendant Heath Parshall's motion to dismiss, dkt. #46, is DENIED.

2.  Plaintiff Anthony Lee's request for court assistance, dkt. #50, is DENIED.

Entered January 6, 2017.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge