IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ANTHONY LEE,

    Plaintiff,

v.

HEATH PARSHALL,

    Defendant.

OPINION and ORDER

16-cv-524-wmc

This lawsuit arises from an interaction between plaintiff Anthony Lee and City of La Crosse Police Officer Heath Parshall on the night of July 14 and 15, 2012. Lee claims that Parshall violated his rights under the Fourth Amendment by using excessive force during his detention and arrest that resulted in injuries to Lee's left eye and face. A jury trial is set to commence on Monday, June 17, 2019. In advance of the final pretrial conference scheduled for June 12, 2019, the court issues the following opinion and order addressing the parties' motions in limine.

OPINION

I. PLAINTIFF'S OMNIBUS MOTION IN LIMINE (DKT. #83)

**MIL No. 1: Preclude evidence related to events that occurred before Parshall's arrival on scene**

Lee seeks an order to exclude on relevancy grounds any evidence related to the events that occurred before Parshall arrived on scene and arrested him. Lee provides no further explanation for his motion, but Parshall explains that before Lee's arrest, he and a companion, Bret Clark, had entered an apartment occupied by two college students, Christopher Squire and Brad Scholl, at which point a fight ensued. After Lee and Clark were forced out of the

apartment, they then apparently went to an area several blocks away where Lee encountered Parshall, who had been notified of the fight and responded. Parshall plans to present evidence that: (1) Scholl punched Lee in the head and body during the fight in the apartment; (2) Squire and Scholl pushed Lee down the stairs; and (3) Lee then pulled Scholl outside and punched Scholl hard in the face.

Lee argues that because the Fourth Amendment is an objective standard, only the information known and available to Parshall at the time he detained and arrested Lee is relevant to whether the force that Parshall exercised was reasonable under the circumstances. At best, Lee's motion is too sweeping in scope. In general, he is correct that information not known to Parshall at the time of Lee's detention would be irrelevant to liability. *See Doornbos v. City of Chicago*, 868 F.3d 572, 579 (7th Cir. 2017) (question under Fourth Amendment is whether officer's conduct was "was objectively reasonable given the information he or she knew at the time"). Still, information unknown to the officer at the time of the conduct may be admitted "if it tends to make one side's story more or less believable," *id.*, or if "its exclusion would leave a chronological and conceptual void in the story," *Whitehead v. Bond*, 680 F.3d 919, 930 (7th Cir. 2012).

Parshall claims (and presumably will testify) that before encountering Lee, he had already learned from the police dispatcher that there was a building entry in progress, during which there had been a physical confrontation resulting in injuries and damage to property. He was also told that "there was a lot of blood coming from the head and face of one of the victims." Accordingly, Parshall argues that this evidence (and that additional evidence of Lee's behavior at the apartment) should be admitted to corroborate Parshall's testimony that Lee fought and resisted, as well as rebut Lee's testimony that he was passive and cooperative before

being was tackled by Parshall for no reason. In addition, Parshall contends that information about Lee's injuries during the fight with the college students, although not known to Parshall at the time, would certainly become relevant during the damages phase of trial.

The court will DENY plaintiff's motion (1) as to information known to defendant at the time of plaintiff's initial detention in the liability phase, and (2) as to the cause of plaintiff's injuries, pain, and suffering in the damages phase of trial. Pending a proffer and argument at the Final Pretrial Conference regarding the relevance of specific evidence, however, the court will RESERVE as to the admissibility of all other evidence concerning (1) the events leading up to Parshall's arrival at the scene in the liability phase of trial, and (2) what additional evidence would have a bearing, if any, on his claim for punitive damages.

**MIL No. 2: Preclude evidence referring to plaintiff as a "robber"**

Lee does not identify the specific evidence that he is concerned about, but the parties have agreed that in reading in portions of the deposition testimony of Shelby Johnson at trial, the word "individual" will be substituted for the word "robber." Accordingly, this motion will be GRANTED as unopposed with respect to Johnson's testimony and RESERVED in all other respects, subject to Parshall making a proffer at the Final Pretrial Conference as to how this specific "evidence" might be offered.

**MIL No. 3: Limit evidence of plaintiff's prior convictions to felonies involving dishonesty and false statements**

Without referencing any specific crimes, Lee moves to limit evidence regarding his prior convictions to felony convictions and convictions involving dishonesty or a false statement. In response, Parshall explains that Lee was convicted of three felonies in connection with events at issue in this lawsuit: (1) party to the crime of burglary; (2) party to the crime of recklessly

3

endangering another person's safety, involving use of a dangerous weapon; and (3) party to the crime of intentionally causing substantial bodily harm to another person, again involving use of a dangerous weapon. Lee also was apparently convicted of misdemeanor bail-jumping. The parties have stipulated to the admission of certain facts about these convictions (to be read or otherwise published to the jury at trial), including the dates of conviction, the identification of the crimes at issue, and the sentences Lee received, if no objection is made to this evidence or any objection is overruled. (Dkt. #73-1 at 3.)

Parshall seeks to publish to the jury only the basic information identified in the parties' stipulation about Lee's felony convictions. Federal Rule of Evidence 609 governs the admission of evidence of criminal convictions used for impeachment of "a witness's character for truthfulness." Evidence of a felony conviction "must be admitted, subject to Rule 403, in a civil case" if the conviction or release from confinement for the conviction occurred less than 10 years before. Fed. R. Evid. 609(a)(1)(A), 609(b). Evidence for other crimes must be admitted "if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement." Fed. R. Evid. 609(a)(2).

I agree that the date of conviction and identification of the crime are admissible, but the length of Lee's sentences is not directly related to his character for truthfulness and is likely to be prejudicial. *See* Fed. R. Civ. P. 403. Therefore, if Lee takes the stand, defense counsel may impeach his character for truthfulness by asking whether he was convicted on a particular date of the four crimes identified in the stipulation. Unless Lee answers "no," defense counsel will not inquire further or be allowed to introduce other evidence related to these convictions. Moreover, the jury will be admonished that it may consider these convictions only for purposes

of assessing Lee's character for truthfulness, but not for propensity or any other purpose. Accordingly, this motion is GRANTED subject to the conditions outlined above.

**MIL No. 4:   Preclude evidence that plaintiff "battered" defendant**

In a mirror image to defendant's MIL No. 1, Lee moves to exclude any evidence that he committed battery during his interaction with Parshall, having been acquitted of the charge of battery to a law enforcement officer on August 2, 2012.  Lee also argues that in the event the court admits evidence as to Lee's alleged attack of Parshall, fairness dictates that he be allowed to present evidence of his acquittal of the criminal charge.  The court agrees with defendant that Lee's conduct during the incident is central to determining whether Parshall used excessive force.  However, neither side may introduce evidence that Lee was charged with or acquitted of battery of a law enforcement officer.  The fact that Lee was charged and then acquitted of the crime of battery to a law enforcement officer is not determinative, or even particularly probative, of whether he complied with Parshall's directives during the parties' interaction or whether Parshall used excessive force against Lee.  Not only is the burden of proof different in a criminal prosecution, but the elements of criminal battery require proof of intent to cause bodily harm to a peace officer.  *See State v. Elbaum*, 54 Wis. 2d 213, 216–17, 194 N.W.2d 660, 662 (1972).  The fact that the state was not able to prove beyond a reasonable doubt that Lee intentionally caused Parshall bodily harm does not mean that Parshall used an unreasonable amount of force to detain and arrest Lee.  Accordingly, this motion will be DENIED.

## II. DEFENDANT'S MOTIONS IN LIMINE

**MIL No. 1: Preclude evidence of Lee's acquittal on the charge that he battered Parshall (dkt. #78)**

This motion will be GRANTED, and both sides will be precluded form introducing evidence of the battery charge or acquittal for the reasons discussed in conjunction with plaintiff's MIL No. 4.

**MIL No. 2: Exclude evidence of subsequent excessive force claim against Parshall (dkt. #79)**

Parshall also seeks to preclude evidence related to a lawsuit in which Shane Lancour alleged that Parshall used excessive force in detaining Lancour in June 2013, almost a year after Parshall's interaction with Lee. As a general proposition, evidence of other wrongs or acts is not admissible to prove the character of a person in order to show conformity therewith. *See* Fed. R. Evid. 404(b). While there is a limited exception to this rule: such evidence "may . . . be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," Parshall's interaction with Lancour cannot be probative of Parshall's state of mind or intent since it occurred almost a year after the Lee incident. Moreover, Parshall's subjective intent is irrelevant because the standard for Fourth Amendment liability is one of an objective officer and not based on the motivation of a particular defendant. Finally, whatever arguable probative value there may be with respect to this evidence, Parshall is correct that it is "substantially outweighed" by the risk of undue prejudice, confusing the issues, wasting time, and possibly misleading the jury. *See* Fed. R. Evid. 403. Accordingly, this motion will be GRANTED.

**III. ADDITIONAL MATTERS**

As required by the court's procedures for pretrial submissions, defendant provided deposition designations. Plaintiff has neither objected to those designations nor filed any counter-designations. The parties should meet and confer before Wednesday's Final Pretrial Conference and be prepared to advise the court if a ruling on admissibility will be needed.

ORDER

IT IS ORDERED that:

1. Plaintiff's omnibus motion in limine (dkt. #83) is GRANTED IN PART, DENIED IN PART, and RESERVED IN PART as set forth above.

2. Defendant's motions in limine ##1 and 2 to preclude evidence of plaintiff's battery acquittal (dkt. #78) and evidence of a subsequent excessive force claim against defendant (dkt. #79) are GRANTED.

Entered this 10th day of June, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge